1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  |   Michael T. Zeller (Bar No. 196417)
2 | 865 South Figueroa Street, 10th Floor
  | Los Angeles, California 90017-2543
3 | (213) 624-7707

**ORIGINAL**

FILED
CLERK, U.S. DISTRICT COURT

11-06-02

NOV -6 2002

____ Priority
____ Send
____ Clsd
____ Enter
____ JS-5/JS-6
____ JS-2/JS-3

4 | Attorneys for Plaintiff
  | Alanis Morissette

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | | |
|---|---|---|
| ALANIS MORISSETTE, an individual, | ) | Case No. 02-CV05236-NM (Ex) |
| Plaintiff, | ) | **STIPULATED DISMISSAL UPON SETTLEMENT; AND [~~PROPOSED~~] ORDER** |
| v. | ) | |
| PINELANDS WEB SERVICES, a New Jersey business entity; CONSUMER.NET, a/k/a The Consumer Information Organization, LLC, a Virginia business entity; RUSSELL R. SMITH, an individual; and DOES 1 through 10, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ENTERED
CLERK, U.S. DISTRICT COURT

NOV -8 2002

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

01015/

DISMISSAL UPON SETTLEMENT AND [PROPOSED] ORDER

1          In accordance with and pursuant to the terms of an agreed-upon

2    settlement between the parties (a copy of which is attached hereto as Exhibit 1),

3    the parties, through their respective counsel, hereby stipulate to dismissal of

4    plaintiff's claims with prejudice pursuant to <u>Federal Rule of Civil Procedure</u>

5    <u>41(a)(1)</u>.

6

7    **IT IS SO STIPULATED.**

8

9    DATED: ~~October~~ *November* 5, 2002     By:_____

10                                  Michael T. Zeller

11                                  Attorneys for Plaintiff
                               Alanis Morissette

12   DATED: October __, 2002

13

14                          By_____
                               Ari Goldberger

15                                  Attorneys for Defendant

16

    **IT IS SO ORDERED.**

17

18   DATED: ~~October~~ *Nov.* 6, 2002

19                               Hon. Nora Manella
                            United States District Judge

20

21

22

23

24

25

26

27

28

1         In accordance with and pursuant to the terms of an agreed-upon

2  settlement between the parties (a copy of which is attached hereto as Exhibit 1),

3  the parties, through their respective counsel, hereby stipulate to dismissal of

4  plaintiff's claims with prejudice pursuant to <u>Federal Rule of Civil Procedure</u>

5  <u>41(a)(1)</u>.

6

7           **IT IS SO STIPULATED.**

8

9  DATED: October __, 2002    By:_____

10                       Michael T. Zeller
                           Attorneys for Plaintiff

11                       Alanis Morissette

12  DATED: October 31, 2002

13

14                    By_____
                       Ari Goldberger
                       Attorneys for Defendant

15

16           **IT IS SO ORDERED.**

17

18

19  DATED: October __, 2002
                       Hon. Nora Manella

20                       United States District Judge

21

22

23

24

25

26

27

28

01015/

## AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between, on the one hand, plaintiff Alanis Morissette ("Plaintiff"), by her attorneys, and, on the other hand, defendant Pinelands Web Services, Consumer.net, a.k.a The Consumer Information Organization, LLC, and Russell Smith (collectively, "Defendants"). Each of the foregoing is a "Party" and collectively are the "Parties."

WHEREAS, there is now pending in the United States District Court for the Central District of California a civil action entitled <u>Alanis Morissette v. Pinelands Web Services, et al.</u>, No. 02-CV05236-NM (Ex) (the "Action"); and

WHEREAS, the Parties wish to completely and finally resolve the Action and all current and potential disputes between them.

NOW, THEREFORE, in consideration of the mutual promises, covenants and terms set forth herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged by the Parties, the Parties agree as follows:

1.      Defendants agree to transfer the domain name "alanis.net," and the registration therefor, from **Defendants** to **Plaintiff**. Upon execution of this Agreement, Defendants shall provide to counsel for Plaintiff (Michael T. Zeller, Quinn Emanuel Urquhart Oliver & Hedges, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017) all information, including without limitation the username and password information, necessary to effectuate transfer of the "alanis.net" domain name via the web interface at http://manage.opersrs.net. In addition, Defendants shall cooperate fully and complete all

-1-

EXHIBIT 1

additional documents, if any, necessary to effectuate the transfer of the registration of the "alanis.net" domain name to Plaintiff. Defendants shall perform all such actions and complete and have notarized, as required, all forms, including without limitation any registrant name change agreement, required by any registrar to effectuate the transfer of the "alanis.net" domain name registration to Plaintiff. Unless otherwise agreed by the Parties in writing, Defendants shall return to counsel for Plaintiff all such completed and notarized documents with five (5) calendar days of delivery to defendants. After the domain name transfer is effectuated, Plaintiff shall have sole responsibility for any maintenance or renewal of the domain name registration.

      2.     Defendants, and each of their agents, servants, officers, employees, representatives, successors and assigns, hereby agree and covenant to refrain from each and every one of the following acts, effective immediately:

      (a)     registering, maintaining any registration for or using "alanis.net" as an Internet domain name or using Plaintiff's name or mark, or any confusingly similar or colorable imitation thereof, in whole or in part as a domain name;

      (b)     using terms, marks or designations in any form or manner, in any medium whatsoever, that would tend to identify or associate any Defendant's services, products or activities with Plaintiff or Plaintiff's services, products or activities or that would otherwise tend to confuse the public as to the source or affiliation, association or connection of such services, products or activities;

-2-

EXHIBIT 1

(c)    engaging in any activity constituting false designation of origin with respect to Plaintiff's name or mark.

(d)    engaging in acts of unfair competition, passing off, or disparagement with respect to Plaintiff's name or mark;

(e)    engaging in acts of dilution with respect to Plaintiff's name or mark;

(f)    engaging in any other activity constituting an infringement of Plaintiff's name or mark or constituting misappropriation of the name, likeness or identity of Plaintiff;

(g)    engaging in acts in violation of Plaintiff's statutory or common law rights of publicity;

(h)    assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

3.    In exchange for the promises and covenants contained herein, Plaintiff agrees to (i) dismiss the Action with prejudice within five (5) business days of the effectuation of the domain name registration transfer as set forth in Paragraph 1 of this Agreement; and (ii) release Defendants, their officers, directors, employees, principals, agents, parents, subsidiaries, affiliates, divisions, shareholders, attorneys, employees, customers, licensees, sub-licensees, distributors, and their respective successors and assigns from all claims arising from or related to Defendants' registration and use of the domain

-3-

EXHIBIT 1

name up through and including the date of this Agreement, including any statements made by Defendants or related activities concerning this dispute.

      4      Defendant Russell Smith further agrees that his various accusations that Alanis Morissette and her representatives have engaged in "mail fraud," "unethical practices," "intimidation," "cyberpiracy," "reverse domain name highjacking" and in other wrongful conduct are false. Defendant Russell Smith agrees and covenants to cease repeating or continuing to publish, disseminate or post such accusations and statements. In addition, defendant Russell Smith agrees and covenants to cease sending any further communications, whether by email, telephone or otherwise, to Alanis Morissette or her representatives.

      5.      Defendant Russell Smith shall not misrepresent to anyone that he or any other Defendant prevailed in the Action in any way. Defendants admit that none of them has any valid claim or complaint whatsoever against Alanis Morissette or her representatives. Defendants further are barred by this Agreement from bringing or litigating, in any forum, any purported action, claim or complaint on any matter or allegation that was or could have been asserted in this action, including by way of compulsory or permissive counterclaim or third-party complaint.

      6.      Defendants agree that Plaintiff has no adequate remedy at law for any breach or violation of Paragraphs 1, 2, 4 and/or 5 of this Agreement by Defendants or for any failure by Defendants to perform the acts, duties and obligations set forth in Paragraphs 1, 2, 4 and/or 5 of this Agreement. Accordingly, Defendants agree that Plaintiff shall be

-4-

EXHIBIT 1

entitled to court orders mandating specific performance and/or injunctive relief in the event of any such breach, violation or failure without any showing of irreparable harm or the inadequacy of any remedy at law. This right of specific performance and injunctive relief is in addition to any and all other legal and equitable remedies that Plaintiff may have for such breach, violation or failure. Moreover, the rights and remedies provided for in this Agreement are non-exclusive and shall not be deemed to limit or waive the rights and remedies that Plaintiff otherwise has under the law for any such breach, violation or failure or for any future violation or infringement of Plaintiff's rights, including without limitation her intellectual property or publicity rights.

7. This Agreement may be amended, modified or supplemented, but only in a writing signed by all of the Parties to this Agreement.

8. This Agreement shall be binding upon the Parties and, as to each Party that is a corporation or other business entity, upon each of their officers, directors, agents, employees, representatives, subsidiaries, parents, affiliates, successors and assigns.

9. This Agreement and all rights and obligations hereunder, including matters of construction, validity and performance, shall be governed in all respects and exclusively by the laws of the State of California, except for its choice-of-law principles. Any proceeding, lawsuit or action brought to enforce or interpret any provision of this Agreement or otherwise pertaining to this Agreement, the subject matter of this Agreement or any other dispute between the Parties shall be exclusively venued and filed in federal or state court in Los Angeles County, California, and in no other venue. The Parties agree to

-5-

EXHIBIT 1

submit to. and hereby waive any objection as to. the jurisdiction of the court in Los Angeles County. California.

        10.    Each Party shall bear her. his or its own costs and attorney's fees in connection with the Action: provided. however. in the event that any Party to this Agreement files a motion to enforce or interpret the terms hereof, the prevailing Party on such a motion shall be entitled to recover her. his or its attorney's fees and costs. including expert witness fees. actually incurred in connection with such motion.

        11.    This Agreement represents the entire understanding and agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous negotiations, representations and agreements made by and between the Parties with respect thereto.

        12.    Ambiguities, inconsistencies or conflicts in this Agreement shall not be construed against the drafter of the language but will be resolved by applying the most reasonable interpretation under the circumstances, giving full consideration to the Parties' intentions at the time this Agreement is entered into.  This Agreement may be executed in any number of counterparts by the Parties.  For purposes of this Agreement, a facsimile signature shall be deemed effective and binding as against the Party executing the facsimile signature.

-6-

EXHIBIT 1

WHEREFORE, the Parties hereby acknowledge their agreement and consent to the terms and conditions set forth above through their respective signatures contained below.

**BY DEFENDANT:**                    RUSSELL SMITH

DATED: October 15, 2002              _Russ Smith_

**BY DEFENDANT:** _                  PINELANDS WEB SERVICES

DATED: October 15, 2002              By: _Russ Smith_
                                     Russell Smith
                                     Its: _Director_

**BY DEFENDANT:**                    CONSUMER.NET a/k/a The Consumer
                                     Information Organization, LLC

DATED: October 15, 2002              By: _Russ Smith_
                                     Russell Smith
                                     Its: _Director_

**BY PLAINTIFF:**                    ALANIS MORISSETTE

DATED: October __, 2002              By: _____
                                         Michael T. Zeller
                                         Attorneys for Plaintiff
                                         Alanis Morissette

-7-

EXHIBIT 1

WHEREFORE, the Parties hereby acknowledge their agreement and consent to the terms and conditions set forth above through their respective signatures contained below:

**BY DEFENDANT:**                    RUSSELL SMITH


DATED: October __, 2002              _____


**BY DEFENDANT:**                    PINELANDS WEB SERVICES


DATED: October __, 2002              By:_____
                                        Russell Smith
                                        Its:_____


**BY DEFENDANT:**                    CONSUMER.NET a/k/a The Consumer
                                     Information Organization, LLC


DATED: October __, 2002              By:_____
                                        Russell Smith
                                        Its:_____


**BY PLAINTIFF:**                    ALANIS MORISSETTE


DATED: October 15, 2002              By:_____
                                        Michael T. Zeller
                                        Attorneys for Plaintiff
                                        Alanis Morissette


-7-

EXHIBIT 1

1

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

2

### STATE OF CALIFORNIA COUNTY OF LOS ANGELES

3

4          I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa St., 10th Floor, Los Angeles, CA 90017.

5

6          On **November 5, 2002**, I served the foregoing document(s) described as **STIPULATED DISMISSAL UPON SETTLEMENT; AND [PROPOSED] ORDER** on interested parties in this action.

7

8   **[X]**   By placing [ ] the original **[X]** true copies thereof enclosed in sealed envelopes addressed as follows:

9   Ari Goldberger, Esq.
    ESQWIRE.COM LAW FIRM
10  35 Cameo Drive
    Cherry Hill, NJ  08003
11  Tel (856) 874-9651
    Fax (856) 874-9182

12

13  **[X]**   **BY MAIL**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14

15

16  [  ]   **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

17

18  [  ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

19  [  ]   **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the office of the addressee.

20

    Executed on November 5, 2002 at Los Angeles, California.

21

22  [  ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23  **[X]**   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

25

    _LUCILLE CLAVEL_                    _Lucille Clavel_
26  Type or Print Name                  Signature

27

28